## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

ROBERT ROWE, VINCENT BEATTY,
OCEANSIDE EQUITIES INC.,
a Florida profit corporation, and
GLOBAL BOATWORKS LLC,
a Florida limited liability company,

       Plaintiffs,

v.                                             CASE NO.:

R3 SCORE TECHNOLOGIES, INC.,
a Delaware corporation, TERESA Y.
HODGE, individually, and LAURIN N.
LEONARD, individually,

       Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, VINCENT BEATTY, ROBERT ROWE, OCEANSIDE EQUITIES INC., a Florida profit corporation, and GLOBAL BOATWORKS LLC, a Florida limited liability company (collectively, "Plaintiffs"), by and through their undersigned attorneys, hereby file this Complaint and Demand for Jury Trial against Defendants, R3 SCORE TECHNOLOGIES, INC., a Delaware corporation, TERESA Y. HODGE, individually, and LAURIN N. LEONARD, individually (collectively, "Defendants"), and state as follows:

### THE PARTIES

1.     **Plaintiff Rowe.**  Plaintiff, Robert Rowe ("Rowe"), is a natural person that is a citizen of the State of Florida and residing in Broward County, Florida.

2.     **Plaintiff Beatty.**  Plaintiff, Vincent Beatty ("Beatty"), is a natural person that is a citizen of the State of Florida and residing in Flagler County, Florida.

3.    **Plaintiff OEI.**  Plaintiff, Oceanside Equities Inc. ("OEI"), is a corporation that is organized under the laws of the State of Florida with its principal place of business in Florida.

4.    **Plaintiff GB LLC.**  Plaintiff, Global Boatworks LLC ("GB LLC"), is a limited liability company that is organized under the laws of the State of Florida with its principal place of business in Florida.

5.    **Defendant R3.**  Defendant, R3Score Technologies, Inc. ("R3"), is a corporation that is incorporated under the laws of the State of Delaware. R3 has its principal place of business in the State of Maryland. R3 may be served with process by serving its registered agent, The Company Corporation, at 251 Little Falls Drive, Wilmington, DE 19808.

6.    **Defendant Hodge.**  Defendant, Teresa Y. Hodge ("Hodge"), an individual and a citizen of the State of Maryland, may be served with process at 1707 N. Charles St., Suite 200A, Baltimore, MD 21201.

7.    **Defendant Leonard.**  Defendant, Laurin N. Leonard ("Leonard"), an individual and a citizen of the State of Maryland, may be served with process at 1707 N. Charles St., Suite 200A, Baltimore, MD 21201.

8.    **Subject Matter Jurisdiction.**  This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, excluding interest and costs. All Plaintiffs are citizens of Florida only. Defendants are citizens of Maryland and Delaware.

9.    **Personal Jurisdiction.**    This Court has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 4(k)(1)(a), as Defendants are subject to the jurisdiction of a court of general jurisdiction in the State of Florida where the Southern District of Florida is located. Specifically, personal jurisdiction is proper due to, among other reasons, the following: (i) this cause of action accrued in this district; (ii) Defendants conduct substantial business within this district; (iii) the agreement which is the subject of this suit was negotiated and executed in this district; and (iv) the damages resulting from Defendants' actions affected Plaintiffs in this district.

10.    **Venue.**    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. Specifically, venue is proper for the following reasons: (i) this cause of action accrued in this district; (ii) Defendants conduct substantial business within this district; (iii) the agreement which is the subject of this suit was negotiated and executed in this district; and (iv) the damages resulting from Defendants' actions affected Plaintiffs in this district

11.    **Standing.**    Plaintiffs have sufficient standing to raise the claims in this action. Plaintiffs have suffered an injury in fact that was caused by Defendants' conduct and which this Court can remedy. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (noting that the doctrine of standing "requires federal courts to satisfy themselves that 'the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction'") (quoting *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975)) (second internal quotations omitted). Plaintiffs were fraudulently induced into signing an agreement which granted Defendants control over Global Boatworks Holdings, Inc. ("GBBT"). After the agreement was executed, Defendants

mismanaged GBBT and have destroyed its value. Furthermore, Plaintiffs are owed certain funds pursuant to the agreement which Defendants had no intent of paying. This Court can redress this issue by rescinding the agreement and awarding Plaintiffs a monetary judgment.

12.    **Condition Precedent.**  All conditions precedent to Plaintiffs' recovery have occurred or been waived by Defendants.

13.    **Attorneys' Fees.**  Plaintiffs have retained the undersigned attorneys and are obligated to pay them a reasonable fee for their services.

## NATURE OF ACTION

14.    **Nature of Action.**  This is an action for breach of contract, rescission, breach of fiduciary duty, fraud in the inducement, and negligent misrepresentation relating to the Share Exchange Agreement dated September 3, 2020 whereby Plaintiffs sold their interest in GBBT to R3 and effectively merged the two entities.

## GENERAL ALLEGATIONS

15.    **GBBT.**  GBBT was a private company owned by Rowe whose purpose was to design, build, rent, and sell luxury floating vessels. In June of 2015, Rowe consulted with Beatty to bring GBBT public via an S-1 registration and issued the ticker "GBBT." For five years, GBBT was current in its filings with the Securities and Exchange Commission (the "SEC").

16.    **Decision to Merge.**  In early 2020, Rowe and Beatty decided they no longer wished to have GBBT be a public company and considered several candidates for a potential merger.

17.     **R3 and Hodge.** On or around July of 2020, Beatty was introduced to Steve Funk ("Funk") and Scott Caputo ("Caputo") who presented R3 as a potential merger partner. R3 had a proprietary AI software to assign a score to past incarcerated persons re-entering society. The score was designed to help financial institutions determine such persons' credit worthiness.

18.     **Share Exchange Agreement.** The parties hired attorney Steve Fleming ("Fleming") per Funk and Caputo's recommendation to act as the attorney for both sides of the transaction and perform proper due diligence. Fleming drafted the Share Exchange Agreement (the "Agreement") to effectuate the merger of GBBT and R3. The Agreement, dated September 3, 2020, was signed by all parties on September 23, 2020. A copy of the Agreement is incorporated herein and attached hereto as **Exhibit "A."**

19.     **GB LLC.** On September 22, 2020, Defendants agreed to sell to Rowe 100% of the membership interest of GB LLC in tandem with the execution of the Agreement. Pursuant to Rowe's purchase of GB LLC, Rowe assumed $371,067.46 of GBBT's liabilities to allow GBBT to be debt-free following the merger. A copy of the contract relating to the purchase of GB LLC is attached hereto and incorporated herein at **Exhibit "B."**

20.     **Negotiations Leading to the Agreement.** Beginning on September 10, 2020 and through September 23, 2020 (the date of the Agreement's execution), Plaintiffs inquired with Hodge as to whether she had a director and officer bar ("D&O bar") from the SEC. Hodge affirmatively responded that she did not have a D&O bar. After the Agreement was executed, Hodge informed Plaintiffs that she did in fact have a D&O bar. Thereafter, Hodge appointed Leonard as CEO and resigned. Once Hodge was advised by

SEC attorney Brenda Hamilton ("Hamilton") that her ownership of shares would get the company halted by the Financial Industry Regulatory Authority ("FINRA"), Hodge immediately placed her shares in a trust controlled by Leonard. Hamilton and Fleming advised Hodge that FINRA and the SEC were likely to characterize the trust as a sham given the relationship between Hodge and Leonard.[1] A copy of the Final Judgment implementing a D&O bar against Hodge is incorporated herein and attached hereto as **Exhibit "C."**

21.    **Misrepresentations.** As a result of the failure to disclose the D&O bar in place against Hodge, Defendants acquired a majority of the shares of GBBT through false pretenses. Had this information been properly disclosed to Plaintiffs, the merger between GBBT and R3 would not have occurred and the Agreement would not have been executed.

22.    **Loan Defaults.** Pursuant to the Agreement, Hodge and R3 were required to make payments to Beatty in the amount of $77,500.00 (the "Loan Payment"). R3 and Hodge defaulted on the Loan Payment. Beatty made several attempts to resolve any issues regarding the Loan Payment via telephone and email but have not received any substantive responses to date.

23.    **R3's Reporting Failures.** On September 28, 2021, the SEC amended Rule 15c2-11 of the Securities Exchange Act of 1934; specifically, the new rule provides for the de-listing of companies delinquent in filing certain disclosures to aid regulators and investors. Following the execution of the Agreement, Defendants failed to submit SEC filings and became late on all disclosure requirements on behalf of GBBT. First, Defendants were late to file GBBT's September 30, 2020 quarterly report (Form 10-Q).

---

[1] Specifically, Fleming advised Hodge that FINRA and the SEC would likely view the trust as a sham because Leonard is Hodge's daughter and they both reside in the same house.

Defendants thereafter failed to file two annual reports (Form 10-K) due on March 30, 2021. Finally, Defendants failed to file three successive quarterly reports due on May 15, 2021, August 14, 2021, and November 14, 2021.

24.     **Notice of Rescission.**   In September of 2021, Plaintiffs had several discussions with Lanny Lang ("Lang") whereby Defendants were notified of Plaintiffs' rescission of the Agreement. Lang was hired by Defendants as consultant and advisor to GBBT and advised Plaintiffs that the rescission would be addressed at the next board meeting. Thereafter, Lang withdrew from the matter and informed Plaintiffs that GBBT's corporate counsel, Jeff Koeppel ("Koeppel") would be responsible for addressing the rescission. Plaintiffs attempted to communicate with Koeppel via email and phone calls, however Koeppel never responded.

25.     **GBBT De-Listed.**   On September 28, 2021, GBBT was de-listed by OTC Markets and now trades at $0.001 on the expert market with no proprietary quotes from market makers. Today, not a single investor in R3 or GBBT has any value. Defendants have taken control of GBBT and made it completely worthless through their mismanagement.

26.     **SEC Action to De-Register GBBT.**   On March 23, 2022, the SEC filed an action to de-register GBBT. GBBT was served with an Order Instituting Administrative Proceedings and Notice of Hearing Pursuant to Section 12(j) of the Securities Exchange Act of 1934 (the "SEC Order") on April 12, 2022. GBBT was thus directed to file an answer on or before April 22, 2022. A copy of the SEC Order is attached hereto and incorporated herein as **Exhibit "D."**

## COUNT I – BREACH OF CONTRACT

27.     **Restatement.**   Plaintiffs restate and incorporate herein the allegations contained in paragraphs 1 through 26 above.

28.     **Cause of Action.**   This is a cause of action for breach of contract against R3. "A cause of action for breach of contract has three elements: (1) a valid contract, (2) a material breach, and (3) damages." *Havens v. Coast Fla., P.A.*, 117 So. 3d 1179, 1181 (Fla. 2d DCA 2013) (citing *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006)).

29.     **Valid Contract.**   The Share Exchange Agreement dated September 3, 2020 is a valid contract.

30.     **Pertinent Sections.**   Section 2.6 of the Agreement, entitled "Cash Proceeds," provides the following:

> Concurrent with the initial Closing, [R3] will make a cash payment of $250,000 to Purchaser, which will be wired to the escrow account of Fleming PLLC. Robert Rowe, as representative of Purchaser, will direct Fleming PLLC to disburse such amount to existing trade payables and consultants of Purchaser to satisfy the liabilities and engagements set forth on **Exhibit B** hereto.

Thereafter, Exhibit B provides for the payment of $77,500.00 to Beatty.

31.     **Material Breach.**   R3 failed to remit payment for the amounts contemplated in the Agreement.

32.     **Damages.**   Beatty has been damaged by R3's breach of the Agreement.

WHEREFORE, Plaintiffs respectfully request this Court to issue an Order awarding damages in excess of $75,000.00 to Beatty, and to award all such other relief as the Court deems just and appropriate.

## COUNT II – RESCISSION

33.     **Restatement.**   Plaintiffs restate and incorporate herein the allegations contained in paragraphs 1 through 26 above.

34.     **Cause of Action.**   This is a cause of action for rescission of the Agreement against Defendants. A claim for rescission of a contract must include the following: (1) the relationship of the parties; (2) the making of the contract; (3) the existence of fraud, false representations, or another ground for rescission; (4) notice of rescission; and (5) that there is no adequate remedy at law. *Billian v. Mobil Corp.*, 710 So. 2d 984, 991 (Fla. 4th DCA 1998) (citing *Crown Ice Mach. Leasing Co. v. Sam Senter Farms, Inc.*, 174 So. 2d 614, 617 (Fla. 2d DCA 1965)).

35.     **Relationship of Parties and Making of Contract.**   Plaintiffs and Defendants negotiated and entered into the Agreement at arms-length. Following negotiations, the Agreement was executed on September 23, 2020.

36.     **Material Misrepresentations.**   Defendants materially misrepresented and improperly induced Plaintiffs into executing the Agreement in the following ways:

       a.      Hodge failed to disclose that there was an active D&O bar that would preclude her from properly managing the company following the execution of the Agreement;

       b.      Hodge failed to disclose that she would be resigning as CEO of the company following the execution of the Agreement and appointing Leonard as acting CEO;

       c.      R3, Hodge, and Leonard mischaracterized their ability to properly manage the company following the execution of the Agreement; and

d.      R3, Hodge, and Leonard did not reveal their intent to withhold funds payable to Beatty following the execution of the Agreement.

37.    **Rescission.**  Plaintiffs have rescinded the Agreement and have notified Defendants of such intent to rescind.

38.    **No Adequate Remedy at Law.**  Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully request this Court to issue an Order rescinding the Agreement and to award all such other relief as the Court deems just and appropriate.

## COUNT III – BREACH OF FIDUCIARY DUTY

39.    **Restatement.**  Plaintiffs restate and incorporate herein the allegations contained in paragraphs 1 through 26 above.

40.    **Cause of Action.**  This is a cause of action for a breach of fiduciary duty against Hodge and Leonard. A claim for breach of fiduciary duty requires the following elements: "(1) existence of a fiduciary duty, (2) breach of that duty, and (3) damages flowing from the breach." *Columbia Bank v. Turbeville*, 143 So. 3d 964, 969–70 (Fla. 1st DCA 2014) (citing *Cassedy v. Alland Inv. Corp.*, 128 So. 3d 976, 978 (Fla. 1st DCA 2014)).

41.    **Existence of Fiduciary Duty.**  Hodge and Leonard owed fiduciary duties to Plaintiffs as shareholders to manage GBBT properly following the execution of the Agreement. *See Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 518 (Fla. 3d DCA 1994) ("Courts have found a fiduciary relation implied in law when 'confidence is reposed by one party and a trust accepted by the other.'") (quoting *Dale v. Jennings*, 107 So. 175, 179 (Fla. 1925)).

42.   **Breach.**  Hodge and Leonard breached their fiduciary duties to Plaintiffs by, among other things, the following:

a.   Failing to timely file GBBT's September 30, 2020 quarterly report (Form 10-Q);

b.   Failing to timely file two annual reports due on March 30, 2021 (Form 10-K);

c.   Failing to timely file three successive quarterly reports due on May 15, 2021, August 14, 2021, and November 14, 2021.

d.   Failing to timely file other disclosures as required by law.

43.   **Damages.**  Plaintiffs were damaged by Hodge and Leonard's breaches of their fiduciary duties.

WHEREFORE, Plaintiffs respectfully request this Court to issue an Order awarding damages in excess of $75,000.00, and to award all such other relief as the Court deems just and appropriate.

## COUNT IV – FRAUD IN THE INDUCEMENT

44.   **Restatement.**   Plaintiffs restate and incorporate herein the allegations contained in paragraphs 1 through 26 above.

45.   **Cause of Action.**  This is a cause of action for fraud in the inducement against Defendants. A claim for fraudulent inducement requires the following elements: (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) intent that the false representation will induce another to act upon it; and (4) detrimental reliance on the representation. *GEICO Gen. Ins.*

*Co. v. Hoy*, 136 So. 3d 647, 651 (Fla. 2d DCA 2013) (citing *Mettler, Inc. v. Ellen Tracy, Inc.*, 648 So. 2d 253, 255 (Fla. 2d DCA 1994)).

46.     **False Statements of Material Fact.** Defendants falsely represented to Plaintiffs that there was no D&O bar against Hodge, and that Hodge would be the CEO of GBBT following the merger with R3. Defendants further stated that Beatty would be paid $77,500 following the execution of the Agreement despite having no intentions to make such a payment.

47.     **Knowledge of False Representation.** Defendants knew that the representations were false.

48.     **Intent.** Defendants intended for the false representation to induce Plaintiffs to execute the Agreement. Defendants also intended for the false representations to induce Rowe to assume $371,067.46 of liability on behalf of GBBT to effectuate the reverse merger contemplated by the Agreement.

49.     **Injury.** Plaintiffs have been injured and damaged because of their reliance on the false representations.

WHEREFORE, Plaintiffs respectfully request this Court to issue an Order awarding damages in excess of $75,000.00 and rescinding the Agreement, and to award all such other relief as the Court deems just and appropriate.

### <u>COUNT V – NEGLIGENT MISREPRESENTATION</u>

50.     **Restatement.** Plaintiffs restate and incorporate herein the allegations contained in paragraphs 1 through 26 above.

51.     **Cause of Action.** This is a cause of action for negligent misrepresentation against R3, Hodge, and Leonard. A claim for negligent misrepresentation must contain the

following elements: "(1) a misrepresentation of material fact that the defendant believe to be true but which was in fact false; (2) that defendant should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely on the misrepresentation; and (4) the plaintiff acted in justifiable reliance upon the misrepresentation, resulting in injury." *Arlington Pebble Creek, LLC v. Campus Edge Condo. Ass'n, Inc.*, 232 So. 3d 502, 505–06 (Fla. 1st DCA 2017) (citing *Specialty Marine & Indus. Supplies, Inc. v. Venus*, 66 So. 3d 306, 309 (Fla. 1st DCA 2011)).

52. **Misrepresentation of Material Fact.** Defendants misrepresented material facts that they believed to be true but which was in fact false. Specifically, Defendants stated that there was no D&O bar against Hodge, that Hodge would be the CEO of GBBT following the merger, and that Defendants were capable of properly managing GBBT.

53. **Negligence.** Defendants knew or should have known that the representations were false.

54. **Intent.** Defendants intended for the misrepresentations to induce Plaintiffs to rely on such statements and execute the Agreement. Furthermore, Defendants also intended for the misrepresentations to induce Rowe to assume $371,067.46 of liability on behalf of GBBT to effectuate the reverse merger contemplated by the Agreement.

55. **Justifiable Reliance.** Plaintiffs acted in justifiable reliance upon the misrepresentation.

56. **Injury.** Plaintiffs have been injured and damaged because of their reliance on the misrepresentation.

WHEREFORE, Plaintiffs respectfully request this Court to issue an Order awarding damages in excess of $75,000.00 and rescinding the Agreement, and to award all such other relief as the Court deems just and appropriate.

## DEMAND FOR A JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury of all issues so triable in this matter.

Respectfully submitted,

Dated: April 27th, 2022

/s/ Anne Willis Chapman, Esq.
Anne Willis Chapman, Esq.
FBN: 828491
Email: Achapman@blalockwalters.com
Secondary: eservice@blalockwalters.com
Fred E. Moore, Esq.
FBN: 0273480
Email: fmoore@blalockwalters.com
Blalock Walters, P.A.
802 11th Street West
Bradenton, Florida 34205
Telephone: (941) 748-0100
Facsimile: (941) 745-2093
Attorneys for Plaintiffs.